# EXHIBIT A

Filing # 118060641 E-Filed 12/11/2020 11:52:09 AM

## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### SMALL CLAIMS DIVISION

**Daniel Clark,**

    *Plaintiff,*

    v.

**Equifax Information Services, LLC,**

    *Defendant.*

Case No: _____

Ad Damnum: **$1,000 + Atty Fees & Costs**

**JURY TRIAL DEMANDED**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Daniel Clark**, ("**Mr. Clark**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Equifax Information Services, LLC** ("**Equifax**"), stating as follows:

### PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Clark against Equifax for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2.    Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Section 34.01, Florida Statutes.

3.    Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court pursuant to Section 48.193, Florida Statutes.

4.    Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051 Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Hillsborough County.

## PARTIES

5.     **Mr. Clark** is a natural person residing in Lutz, Hillsborough County, Florida and a *Consumer* as defined by 15 U.S.C. 1681a(c).

6.     **Equifax** is a Georgia corporation, with a primary business address of **1550 Peachtree Street NW, H-46, Atlanta, GA 30309.**

7.     Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

8.     Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.  As a CRA, Equifax is aware of its obligations under the FCRA.

### FACTUAL ALLEGATIONS

### Mr. Clark's April 2020 Consumer Disclosure

9.     On or about April 13, 2020, Mr. Clark requested a copy of his consumer credit disclosure from Equifax.

10.    Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Clark's request, Equifax was required to "clearly and accurately" disclose all information in Mr. Clark's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

11.     Equifax provided an electronic copy of Mr. Clark's *Consumer Disclosure* ("**Equifax's Disclosure**") to his at his home address in Lutz, Florida.

**Equifax's Disclosure Was Not Complete, Clear, or Accurate**
**Missing Account Numbers**

12.     Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in his credit file.

13.     Under the heading *Revolving Accounts*, the Capital One Bank USA NA ("**Capital One**") and Wells Fargo Card Services ("**Wells Fargo**") tradelines are reported with no account numbers whatsoever. **SEE PLAINTIFF'S EXHIBIT B.**

14.     On information and belief, the aforementioned data furnishers reported full account numbers to Equifax, and this information is contained within Equifax's file regarding Mr. Clark.

15.     When Equifax produces and sells reports regarding Mr. Clark to third parties, the full account numbers are included in its reports.

16.     The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

17.     Having a duty to disclose ***all of the information*** regarding the accounts in Mr. Clark's file, Equifax breached its duty by failing to provide the account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

18.     Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

19.     Due to widespread systemic problems, Equifax's automated systems omit the *entire* account numbers from revolving accounts reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

20.     Equifax knows of this error but, despite such knowledge, has yet to correct it.

21.     The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

22.     The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

23.     Further, the lack of accurate, full account numbers caused Mr. Clark great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

### Importance of Disclosing the Account Numbers

24.     A consumer disclosure "must be made in a manner sufficient to allow the consumer

to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth in his credit file." *Gillespie v Equifax Information Services, LLC*, 484 F.3d 938, 947 (7th Cir. 2007).

25.     The primary purpose of the FCRA's disclosure requirement is to "allow consumers to identify inaccurate information in their credit files and correct their information." *Id.*

26.     Omitting the account number from a consumer disclosure makes the disclosure neither clear nor accurate and prevents the consumer from comparing the information in the disclosure to his own information, impairing his ability to review and correct his credit file.

27.     Without the account number, a consumer's ability to investigate, identify, and dispute inaccurate information in their credit files is materially diminished.

### Prevalence of Equifax's Account Number Errors

28.     On information and belief, Equifax's Disclosure to Mr. Clark was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

29.     On information and belief, their same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

30.     Thus, *every* consumer with accounts appearing in the "Revolving Accounts" section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Clark.

31.     Equifax's error has therefore likely affected thousands of consumers.

32.     Equifax has known of their flaw in its systems for years but has done nothing to fix it, despite the large number of consumers affected. *See, e.g., Justin Purdy vs. Equifax Information*

*Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

33.　Equifax's knowing and repeated conduct warrants an award of ***punitive damages***.

34.　Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

35.　Mr. Clark has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

36.　Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Clark deprived Mr. Clark of this right.

37.　Mr. Clark has hired the undersigned law firm to represent him in this matter and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

## COUNT I
## VIOLATIONS OF THE FCRA

38.　Mr. Clark adopts and incorporates paragraphs 1 - 37 as if fully stated herein.

39.　Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Clark's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Clark, a *Consumer*, all of the information in his file at the time of the request. Specifically, Equifax disclosed accounts reported by Capital One and Wells Fargo without disclosing the account numbers.

40.　Equifax knowingly provided inaccurate information in Mr. Clark's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

41.　Equifax's failure was a willful failure to fulfill its duty to clearly and accurately disclose to Mr. Clark all of the information in his file at the time of the request pursuant to **15**

U.S.C. § 1681g(a)(1).

**WHEREFORE,** Mr. Clark respectfully requests that the Honorable Court enter judgment against Equifax for:

    a.      Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.      Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

    d.      Such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Clark demands a jury trial on all issues so triable.

Respectfully submitted on December 11, 2020 by:

                                 **SERAPH LEGAL, P. A.**

                                 */s/ Bridget L. Dow*
                                 Bridget L. Dow
                                 Florida Bar No.: 1022866
                                 BDow@seraphlegal.com
                                 */s/ Bryan J. Geiger*
                                 Bryan J. Geiger, Esq.
                                 Florida Bar No.: 119168
                                 BGeiger@seraphlegal.com
                                 1614 North 19th Street
                                 Tampa, FL 33605
                                 Tel: 813-567-1230
                                 Fax: 855-500-0705 *Attorneys*
                                 *for Plaintiff*

**ATTACHED EXHIBIT LIST**

A.      Mr. Clark's Equifax Consumer Disclosure, July 6, 2020, Excerpt, *Revolving Accounts—Missing Account Numbers*

**EXHIBIT A**
## Mr. Clark's Equifax Consumer Disclosure, July 6, 2020, Excerpt, *Revolving Accounts*—Missing Account Numbers

## 2. Revolving Accounts

Revolving accounts are those that generally include a credit limit and require a minimum monthly payment, such as credit cards.

### 2.1 CAPITAL ONE BANK USA NA

**Summary**

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| **Account Number** | | **Reported Balance** | Redacted |
| **Account Status** | PAYS_AS_AGREED | **Debt-to-Credit Ratio** | |
| **Available Credit** | Redacted | | |

**Account History**

The tables below show up to 2 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.

**Balance**

Redacted

**Available Credit**

Redacted

**Scheduled Payment**

Redacted

**EXHIBIT A**
# Mr. Clark's Equifax Consumer Disclosure, July 6, 2020, Excerpt, *Revolving Accounts*—Missing Account Numbers

**2.2 WELLS FARGO CARD SERVICES (CLOSED)**

**Summary**

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | | Reported Balance | |
|---|---|---|---|
| Account Status | CHARGE_OFF | Debt-to-Credit Ratio | |
| Available Credit | | | |

**Account History**

The tables below show up to 2 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.

**Balance**



**Available Credit**



**Scheduled Payment**



**Actual Payment**

*EQUIFAX*                    DANIEL CLARK | Apr 13, 2020                    Page 7 of 35